IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - -x
                                   :
In re:                             :  Chapter 11
                                   :
SLI, INC.,                         :  Case No. 02-12608 (MFW)
CHICAGO MINIATURE OPTOELECTRONIC   :
  TECHNOLOGIES, INC.,              :  Jointly Administered
ELECTRO-MAG INTERNATIONAL, INC.,   :
CHICAGO-MINIATURE LAMP-SYLVANIA    :
  LIGHTING INTERNATIONAL, INC.,    :  Related Docket Nos. 105,
SLI LIGHTING PRODUCTS, INC.,       :  106, 159
SLI LIGHTING COMPANY,              :
SLI LIGHTING SOLUTIONS, INC., AND  :
CML AIR, INC.,                     :
                                   :
                   Debtors.        :
                                   :
- - - - - - - - - - - - - - - - - -x
```

## ORDER UNDER 11 U.S.C. §§ 105 AND 363 AUTHORIZING IMPLEMENTATION OF KEY EMPLOYEE SEVERANCE/RETENTION PROGRAM

Upon the Debtors' motion, dated October 3, 2002

(the "Motion"),[1] for an order under 11 U.S.C. §§ 105 and

363 authorizing the Debtors to establish and implement

the employee severance/retention program (the "Sever-

ance/Retention Program"); and the Court having reviewed

the Motion, the Retention Information filed under seal,

and the supplemental Retention Information filed under

seal; and the Court having determined that the relief

---

[1]    Unless otherwise defined, capitalized terms used
       herein shall have the meanings ascribed to them in
       the Motion.

requested is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

FOUND THAT:

A. Good and sufficient notice of the Motion has been given;

B. A sound business justification exists for implementing the Severance/Retention Program;

C. The Severance/Retention Program is fair and reasonable and was established and proposed in good faith in that:

> (1) The proposed Retention Payments equal (i) 75% of annual base salary for the Chief Financial Officer, Executive Vice Presidents, Senior Vice Presidents and Vice Presidents; and (ii) 37.5% of annual base salary for Directors, Senior Managers and other manager level employees; and

(2) The proposed Severance Payments equal (i) 25% of base salary for the Chief Financial Officer, Executive Vice Presidents, Senior Vice Presidents and Vice Presidents; and (ii) 12.5% of base salary for Directors, Senior Managers and other manager level employees;

D. The establishment and implementation of the Severance/Retention Program is necessary to the Debtors' reorganization efforts and is in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and

E. Any obligations of the Debtors arising under the Severance/Retention Program are necessary and actual costs of preserving the Debtors' estates; and it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED.

2. Except as otherwise set forth herein, the Severance/Retention Program is approved in all respects and the Debtors are authorized to implement the Severance/Retention Program and to perform their obligations thereunder, pursuant to section 363 of the Bankruptcy Code.

3.    Any Key Employee who voluntarily leaves the
Debtors' employment or is terminated "for cause" will
forfeit such Key Employee's right to receive payments
under the Severance/Retention Program and such payments
shall be held for the benefit of such Key Employee's
successor.

4.    For Key Employees of the ML, GLE or GLA
business lines, the Retention Payment specified for each
such Key Employee in the materials filed under seal shall
be earned, due and payable on, or as soon as practicable
after, the earliest of: (i) the termination of the Key
Employee by the Company "without cause"; (ii) the consum-
mation of a plan of reorganization; or (iii) the consum-
mation of a sale of substantially all of the Debtors'
assets pursuant to 11 U.S.C. § 363, with respect to the
specific business line that employs the Key Employee.

5.    For Corporate Key Employees, the Retention
Payment specified for each such Key Employee in the
materials filed under seal shall be earned, due and
payable in the following manner and on the earliest of
the following events: (i) payment in full on termination
of the Key Employee's employment by the Company "without
cause"; (ii) payment in full on consummation of a plan of
reorganization; or (iii) payment of 50% on consummation

4

of a sale of substantially all of the Debtors' assets pursuant to 11 U.S.C. § 363 in the GLE business line or the ML business line and the remaining 50% on consummation of a sale of the remaining business lines or consummation of a plan of reorganization.

6. The Severance Payment specified for each Key Employee shall be earned, due and payable on the earlier of: (i) termination of the Key Employee by the Company "without cause"; or (ii) the consummation of a sale of all or substantially all of the Debtors' assets pursuant to 11 U.S.C. § 363, with respect to the specific business line that employs the Key Employee, but only if the purchaser does not retain the services of such employee on terms at least as favorable as those existing as of the date immediately prior to the commencement of the Debtors' chapter 11 cases and does not require the employee to relocate more than 100 miles.

7. The Tier One employee's participation in the Severance/Retention Program shall be adjourned to a later date at which time the non-contingent Tier I Retention and Severance Payments and the Tier I Incentive Compensation may be considered without further motion by the Debtors.

8. Subject to the triggering events for payment set forth above, the Chief Financial Officer, a Tier Two employee under the Severance/Retention Program, shall be entitled to receive Retention and Severance Payments in amounts not to exceed 75% and 25% respectively of such Tier Two Employee's annual salary.

9. The Debtors are authorized to make Tier Three Retention and Severance Payments in an amount not to exceed $50,000, which amounts may be paid by the Debtors in their discretion based upon, among other things, the length of the employees' postpetition employment and/or their placement with a purchaser of assets.

10. The supplemental Retention Information filed under seal, which provides for three additional Tier Two Key Employees' participation in the Retention/Severance Program and modification of the terms of a previously identified Tier Two Key Employee's participation due to a recent promotion, is hereby approved.

11. Any payment to which a Key Employee is entitled under the Severance/Retention Program shall be deemed an allowed administrative expense of the Debtors' estates under 11 U.S.C. § 503(b)(1)(A).

12.  To the extent that parties to existing employment contracts with the Debtors elect to receive payments under the Severance/Retention Program, such parties are hereby deemed to have waived their right to receive Severance Payments in accordance with the terms of their respective employment agreements.

Dated:  Wilmington, Delaware
        Oct, 23 , 2002

                             Honorable Mary F. Walrath
                             United States Bankruptcy Judge